IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RYAN ROHRBAUGH,** | : |
| | : |
| Plaintiff, | : CIVIL NO. 3:CV-05-0136 |
| | : |
| v. | : (Judge Caputo) |
| | : |
| **YORK COUNTY PRISON, et al.,** | : |
| | : |
| Defendants. | : |

## MEMORANDUM

### I.   Introduction

Ryan Rohrbaugh, formerly an inmate successively confined at the York County Prison ("YCP") in York, Pennsylvania, the State Correctional Institution at Camp Hill ("SCI-Camp Hill"), Pennsylvania, and State Correctional Institution at Albion ("SCI-Albion"), Pennsylvania, commenced this action, through counsel, with a civil rights complaint filed pursuant to the provisions of 42 U.S.C. § 1983.  Named as Defendants are, *inter alia*: (1) SCI-Camp Hill; (2) SCI-Camp Hill acting Superintendent, Donald Kelchner; (3) SCI-Albion; and (4) SCI-Albion acting Superintendent, William Wolfe (collectively "moving Defendants"). Presently pending is the motion to dismiss (Doc. 16) moving Defendants.  A brief in support (Doc. 17) of the motion was timely filed.  Plaintiff filed a response (Doc. 28) and a brief in opposition (Doc. 29).  For the reasons set forth the motion will be granted in part.

### II.   Background

In January, 2003, Plaintiff was incarcerated at YCP for parole violation.  During his confinement at YCP, Plaintiff discovered a black mole on his back, which prompted him to seek medical attention.  Plaintiff consulted with a nurse, who instructed him to wait to receive medical treatment until he was transferred to a state correctional facility.  In May,

2003, Plaintiff was transferred to SCI-Camp Hill, and he was subsequently transferred to SCI-Albion in August, 2003.  Plaintiff underwent medical examinations during the intake procedures at both institutions, and he noted the black mole on his back to the medical personnel at both examinations.  Although the mole was surgically removed from Plaintiff's back in November of 2003, Plaintiff alleges that the mole was malignant, and the delay in removal allowed the cancer to spread to other parts of his body.  Consequently, Plaintiff alleges that as a result of Defendants' inadequate medical care he has endured substantial pain and suffering, numerous surgeries, chemotherapy, radiation treatments, and a shortened life expectancy, among other damages.  (Doc. 1 at ¶¶ 74-92.)

Moving Defendants claim that they are entitled to dismissal from the action under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), alleging lack of jurisdiction and failure to state a claim on which relief may be granted.  The motion has been fully briefed and is ripe for disposition.

**II.**     **Discussion**

   **A.  Motion to Dismiss Standard**

In rendering a decision on a motion to dismiss, the Court must accept the Plaintiff's allegations as true.  *White v. Napoleon*, 897 F.2d 103, 106 (3d Cir. 1990).  In *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996), the United States Court of Appeals for the Third Circuit added that when considering a motion to dismiss, based on a Rule 12(b)(6) argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims."  Moreover, a motion to dismiss may only be granted if there is no reasonable reading of the facts that would entitle Plaintiff to relief.  *Lum v. Bank of America*, 361 F.3d 217, 223 (3d Cir. 2004).  The Court

should consider the allegations in the complaint, the exhibits attached thereto, matters of public record, and "undisputedly authentic" documents. *See Angstadt v. Midd-West School Dist.*, 377 F.3d 338, 342 (3d Cir. 2004); *Pension Guar. Corp. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002).

### B.  Eleventh Amendment Immunity

To state a viable § 1983 claim, Plaintiff must establish (1) that the alleged wrongful conduct was committed by a "person" acting under color of state law, and (2) that the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). Both elements must be present to sustain a § 1983 action. It is well-settled that neither a state nor its agencies are considered a "person" as that term is defined under § 1983 and, therefore, are not subject to § 1983 suit. *Hafer v. Melo,* 502 U.S. 21, 25-27 (1991). In *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989), the United States Supreme Court reiterated its position that state agencies are not "persons" subject to liability in § 1983 actions brought in federal court. The Court noted that a § 1983 suit against a state official's office was "no different from a suit against the State itself." *Id.* at 71. "*Will* establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal or state court." *Howlett v. Rose*, 496 U.S. 356, 365 (1990).

After *Will*, the Third Circuit Court of Appeals held that in determining whether a state agency is entitled to Eleventh Amendment immunity, a federal court should consider:  (1)

3

whether the state would be responsible for the payment of any judgment rendered against the agency; (2) the source of the agency's funding; and (3) the degree of autonomy enjoyed by the agency, as well as other similar factors. *Bolden v. Southeastern Pennsylvania Transp. Auth.*, 953 F.2d 807, 818 (3d Cir. 1991).

In this case, payment of any judgment rendered against SCI-Camp Hill and SCI-Albion, institutions within a state agency (the Pennsylvania Department of Corrections), would have to be paid out of the Pennsylvania state treasury. Furthermore, SCI-Camp Hill and SCI-Albion receive all of their funding from the state, and do not enjoy any measure of autonomy. Therefore, under *Will* and *Bolden*, SCI-Camp Hill and SCI-Albion are not "persons" for the purpose of § 1983 and, therefore, not properly named defendants.

Moreover, the Eleventh Amendment bars federal suits that seek damages against state officials acting in their official capacities. *See A. W. v. Jersey City Public Schools*, 341 F.3d 234, 238 (3d Cir. 2003). Therefore, to the extent that Plaintiff seeks monetary damages from Wolfe and Kelchner in their official capacities the claims will be dismissed.

### C. Respondeat Superior

Wolfe and Kelchner, superintendents at their respective institutions, are also sued in their individual capacities. It is well established that "a defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondent superior." *Rode v. Dellarciprete*, 845 F.2d 1195, 1208 (3d Cir. 1988). The personal involvement requirement can be satisfied by a showing of "personal direction or of actual knowledge and acquiescence." *Id.*; *Pansy v. Preate*, 870 F. Supp. 612, 630 (M.D. Pa. 1994). In *Robinson v. City of Pittsburgh*, 120 F.3d 1286 (3d Cir. 1997), the United States Court of Appeals for the Third Circuit stated that:

4

> Where a supervisor with authority over a subordinate knows that the subordinate is violating someone's rights but fails to act to stop the subordinate from doing so, the factfinder may usually infer that the supervisor 'acquiesced' in (i.e., tacitly assented to or accepted) the subordinate's conduct.

Id. at 1294.

Wolfe and Kelchner claim that there are no allegations of personal involvement against either, and the claims against them in their individual capacities should be dismissed. However, in reference to both, Plaintiff claims that they (1) implemented and/or enforced the "cruel and unusual punishment of withholding medical care from [Plaintiff]" (Doc. 1 at ¶ 118 (nn) and ¶ 152 (nn)), and (2) created, implemented, and/or enforced policies, customs, and/or practices that "encouraged and/or mandated the [alleged constitutional violations]" (Doc. 1 at ¶ 118(oo) and ¶ 152 (oo)). Such allegations sufficiently state personal involvement to overcome a motion to dismiss the claims against Wolfe and Kelchner in their individual capacities. Accordingly, to the extent that Wolfe and Kelchner move to dismiss the claims against them in their individual capacities, their motion will be denied. An appropriate Order follows.

Dated: May 10, 2005  /s/ A. Richard Caputo
A. RICHARD CAPUTO
United States District Judge

5

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RYAN ROHRBAUGH,** | : |
| | : |
| Plaintiff, | : CIVIL NO. 3:CV-05-0136 |
| | : |
| v. | : (Judge Caputo) |
| | : |
| **YORK COUNTY PRISON, et al.,** | : |
| | : |
| Defendants. | : |

# O R D E R

**AND NOW, THIS 10th DAY OF MAY, 2005,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT** Defendants' motion to dismiss (Doc. 16) Defendants SCI-Camp Hill, SCI-Albion, William Wolfe and Donald Kelchner is **GRANTED** in part and **DENIED** in part as follows:

a. The motion to dismiss SCI-Camp Hill and SCI-Albion is **GRANTED**.

b. The motion to dismiss the claims against William Wolfe and Donald Kelchner in their official capacities is **GRANTED**.

c. The motion is **DENIED** in all other respects.

      /s/ A. Richard Caputo
      A. RICHARD CAPUTO
      United States District Judge