IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RYAN ROHRBAUGH,** | : |
| | : |
| **Plaintiff,** | : CIVIL NO. 3:CV-05-0136 |
| | : |
| v. | : (Judge Caputo) |
| | : |
| **YORK COUNTY PRISON, et al.,** | : |
| | : |
| **Defendants.** | : |

## MEMORANDUM

**I.   Introduction**

Ryan Rohrbaugh, formerly an inmate successively confined at the York County Prison ("YCP") in York, Pennsylvania, the State Correctional Institution at Camp Hill ("SCI-Camp Hill"), Pennsylvania, and State Correctional Institution at Albion ("SCI-Albion"), Pennsylvania, commenced this action, through counsel, with a civil rights complaint filed pursuant to the provisions of 42 U.S.C. § 1983.  Named as Defendants are, *inter alia,* (a) Millcreek Community Hospital ("Millcreek"), (b) Wexford Health Sources, Inc. ("Wexford"), and (c) Prison Health Services, Inc. ("PHS") (collectively "moving Defendants").  Presently pending are (1) Millcreek's motion to dismiss party (Doc. 31) for lack of jurisdiction, (2) Millcreek's motion to dismiss for lack of prosecution (Doc. 33), (3) Wexford's motion to dismiss for failure to prosecute (Doc. 43), (4) Wexford's motion for judgment of *non pros* (Doc. 44), (5) PHS' motion for judgment of *non pros* (Doc. 45), (6) PHS' motion to dismiss for lack of prosecution (Doc. 46), (7) Plaintiff's motion to set aside Millcreek's judgment of *non pros* (Doc. 56), (8) Plaintiff's motion to set aside Wexford's judgment of *non pros* (Doc. 61), and (9) Plaintiff's motion to set aside PHS' judgment of *non pros* (Doc. 63).  For the following reasons, Millcreek's motion to dismiss for lack of jurisdiction will be denied,

moving Defendants' motions to dismiss for failure to prosecute will be granted, moving Defendants' motions for entry of judgment of *non pros* will be dismissed as moot, and Plaintiff's motions for relief from judgments will be granted.

## II.     **Background**

In January, 2003, Plaintiff was incarcerated at YCP for parole violation. Plaintiff alleges that during his confinement at YCP, he discovered a black mole on his back, which prompted him to seek medical attention. Plaintiff consulted with a nurse, who instructed him to wait to receive medical treatment until he was transferred to a state correctional facility. In May, 2003, Plaintiff was transferred to SCI-Camp Hill, and he was subsequently transferred to SCI-Albion in August, 2003. Plaintiff underwent medical examinations during the intake procedures at both institutions, and he noted the black mole on his back to the medical personnel at both examinations. Although the mole was surgically removed from Plaintiff's back in November of 2003, Plaintiff alleges that the mole was malignant, and the delay in removal allowed the cancer to spread to other parts of his body. Consequently, Plaintiff alleges that as a result of Defendants' inadequate medical care he has endured substantial pain and suffering, numerous surgeries, chemotherapy, radiation treatments, and a shortened life expectancy, among other damages. (Doc. 1 at ¶¶ 74-92.)

Millcreek claims that it is entitled to dismissal from the action for lack of jurisdiction as well as Plaintiff's failure to comply with Local Rule 8.1 (M.D.Pa.L.R. 8.1), and moving Defendants seek judgment of *non pros,* or alternatively involuntary dismissal for Plaintiff's failure to file a certificate of merit, as required for Plaintiff's state tort claims. Plaintiff asserts that the motions should be denied because the Court may exercise supplemental jurisdiction over the state court claims, and involuntary dismissal is inappropriate. If

2

dismissal is granted, Plaintiff seeks relief from the dismissal of his state claims.  The motions have been fully briefed and they are ripe for disposition.

### III.     Discussion

#### A.  Motion to Dismiss Standard

In rendering a decision on a motion to dismiss, the Court must accept the Plaintiff's allegations as true.  *White v. Napoleon*, 897 F.2d 103, 106 (3d Cir. 1990).  Moreover, a motion to dismiss may only be granted if there is no reasonable reading of the facts that would entitle Plaintiff to relief.  *Lum v. Bank of America*, 361 F.3d 217, 223 (3d Cir. 2004).  The Court should consider the allegations in the complaint, the exhibits attached thereto, matters of public record, and "undisputedly authentic" documents.  *See Angstadt v. Midd-West School Dist.*, 377 F.3d 338, 342 (3d Cir. 2004); *Pension Guar. Corp. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend.  *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002).

#### B.  Supplemental Jurisdiction

Millcreek claims that the only averments against it relate to state tort claims of negligence and medical malpractice, and Millcreek should be dismissed for lack of jurisdiction over these claims. Under 28 U.S.C. § 1367(a), subject to exceptions not applicable here (*See* 28 U.S.C. § 1367 (b) and (c)), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related . . . that they form part of the same case . . . ." 28 U.S.C.

§ 1367(a). All of the tort claims relate to inadequacy of medical treatment provided to (or withheld from) Plaintiff by Defendants. The issues of law and fact for each claim are intertwined. After review of the complaint, the Court concludes that it may properly exercise supplemental jurisdiction over the state tort claims in this action. *See Borough of West Mifflin v. Lancaster*, 45 F.3d 780 (3d Cir. 1995).

### C.  Failure to Comply With M.D.Pa.L.R. 81

Millcreek also claims that Plaintiff's complaint should be dismissed for Plaintiff's failure to comply with M.D.Pa. Local Rule 8.1. Under Rule 8.1, the demand for judgment "shall not claim any specific sum where unliquidated damages are involved." Although Plaintiff has pled an amount in excess of $150,000.00, he has not pled a sum certain in contravention of the local rule, and the amount sought is not binding on the jury in this case. Accordingly, this argument is without merit. *See also* M.D.Pa.L.R. 1.3.

### D.  Failure to File Certificate of Merit

Each of the moving Defendants has filed a motion to dismiss Plaintiff's complaint for failure to prosecute (Docs. 33, 43, and 46), pursuant to the provisions of FED.R.CIV.P. 41(b); they have also filed motions for judgment of *non pros*[1] (Docs. 35, 44, and 45). The state court claims are governed by Pennsylvania substantive law. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78-80 (1938). Under Pennsylvania Rules of Civil Procedure, a Plaintiff in an action claiming a licensed professional deviated from a professional standard shall file a certificate of merit, signed by Plaintiff's attorney, if represented by counsel, within sixty (60) days after filing the complaint. Pa.R.C.P. 1042.3. If a Plaintiff fails to file the

---

[1] Judgment of *non pros* is the Pennsylvania state court counterpart of a motion to dismiss for failure to prosecute.

4

required certificate within sixty (60) days of filing the complaint, Defendants may file a praecipe for entry of a judgment of *non pros*. Pa.R.C.P. 1042.6. Since there is no federal court counterpart to a praecipe for entry of *non pros*, moving Defendants have also sought involuntary dismissal pursuant to the provisions of FED.R.CIV.P. 41(b).

It is undisputed that Plaintiff failed to file a certificate of merit within the required sixty (60) day period, and he did not file a motion for extension of the deadline to file such a certificate. Under Rule 1042.6 the remedy for failure to file the requisite certificate of merit would be entry of judgment of *non pros*, rather than a dismissal with prejudice. Under the provisions of FED.R.CIV.P. 41(b), a defendant may move for dismissal of a claim for failure of the plaintiff to prosecute. Consequently, since there is no provision for entry of *non pros* in federal court, the motions to dismiss for failure to prosecute under Rule 41(b) are warranted, and the motions for entry of *non pros* will be dismissed as moot.

However, under Pennsylvania law Plaintiff may seek relief from dismissal for failure to file the certificate of merit, pursuant to the provisions of 42 Pa.C.S. 3051. To obtain relief from the judgment of *non pros*, three factors must coalesce: (1) Plaintiff must act promptly, (2) the failure to file the certificate must be reasonably explained, and (3) the underlying cause of action must be meritorious. The Court is convinced that Plaintiff has acted promptly, and the underlying claim has arguable merit. In reference to an explanation of the failure to file, the Court is mindful that prisoners have a difficulty in obtaining medical records from prison authorities. Furthermore, Plaintiff has alleged that he was unsure that the requirements of the state rules of procedure would be applicable in his federal action. Although the Pennsylvania courts have held that the rule is "plain on its face, and an attorney is charged with knowledge of the law" *Moore v. Luchsinger*, 862 A.2d 631, 634

(Pa.Super. 2004), applicability of the statute to federal proceedings is by no means clear. "Because the Third Circuit has not yet expressly determined that Pennsylvania Rule of Civil Procedure 1042.3 shall be applied as substantive law in [civil rights actions], this Court finds plaintiff's failure to either attach a certificate of merit to the original complaint, or to file it within sixty (60) days, to be excusable." *Scaramuzza v. Sciolla*, 345 F.Supp.2d 508, 511 (E.D.Pa. 2004).  Moreover, the Pennsylvania Superior Court has held that where a claim is dismissed for failure to timely file a certificate of merit, Plaintiff may refile the claim within the applicable statute of limitations.  *Moore v. John A. Luchsinger, P.C.*, 864 A.2d 631, 634 (Pa.Super. 2004).  This Court notes that Plaintiff has filed a new action (Civil No. 3:05-CV-0916) reiterating the claims set forth in this case, and he has filed the requisite certificate of merit in the new action.

Since Plaintiff failed to timely file the certificate of merit, and he did not request an extension of time to do so, Defendant's motions for dismissal for failure to prosecute will be granted.  Nevertheless, since prisoners are limited in their ability to access medical records, since there is no holding by the Third Circuit Court of Appeals making the provisions of Pennsylvania law applicable to federal court actions, and since Plaintiff has satisfied the requirements to obtain relief from a judgment of *non pros* under Pennsylvania law, Plaintiff's motions for relief from judgments of *non pros* will be granted as well.  An appropriate Order follows.


Dated: June 20, 2005                         /s/ A. Richard Caputo
                                             A. RICHARD CAPUTO
                                             United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RYAN ROHRBAUGH,** | : |
| | : |
| **Plaintiff,** | : CIVIL NO. 3:CV-05-0136 |
| | : |
| v. | : (Judge Caputo) |
| | : |
| **YORK COUNTY PRISON, et al.,** | : |
| | : |
| **Defendants.** | : |

# O R D E R

**AND NOW, THIS 20th DAY OF JUNE, 2005,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT**:

1. Millcreek Community Hospital's motion to dismiss party (Doc. 31) for lack of jurisdiction is **DENIED**.

2. The motions of Millcreek Community Hospital, Wexford Health Sources, Inc., and Prison Health Services, Inc., to dismiss for failure to prosecute (Docs. 33, 43, and 46) are **GRANTED**.

3. The motions of Millcreek Community Hospital, Wexford Health Sources, Inc., and Prison Health Services, Inc., for entry of judgment of *non pros* (Docs. 35, 44, and 45) are **DISMISSED** as moot.

4. Plaintiff's motions to set aside Moving Defendants' judgments of *non pros* (Docs. 56, 61, and 63) are **GRANTED**.

　　　　　　　　　　　　　　　　　　　　　　　　 /s/ A. Richard Caputo
　　　　　　　　　　　　　　　　　　　　　　　　A. RICHARD CAPUTO
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge