IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RYAN ROHRBAUGH,** : | |
| : | |
| **Plaintiff,** : | CIVIL NO. 3:CV-05-0136 |
| : | |
| v. : | (Judge Caputo) |
| : | |
| **YORK COUNTY PRISON, et al.,** : | |
| : | |
| **Defendants.** : | |

## MEMORANDUM

### I. Introduction

Ryan Rohrbaugh, formerly an inmate successively confined at the York County Prison ("YCP") in York, Pennsylvania, the State Correctional Institution at Camp Hill ("SCI-Camp Hill"), Pennsylvania, and State Correctional Institution at Albion ("SCI-Albion"), Pennsylvania, commenced this action, through counsel, with a civil rights complaint filed pursuant to the provisions of 42 U.S.C. § 1983. Plaintiff subsequently filed an amended complaint (Doc. 113). Named as Defendant are, *inter alia,* Dr. Alan Esper and Wexford Health Sources, Inc. ("Wexford"). In response to the amended complaint, Wexford filed an answer and cross-claim, in which Esper is named as a cross-claim Defendant. Presently pending are (1) Esper's motion to dismiss the complaint, the amended complaint, the cross-claim, and the amended cross-claim against him (Docs. 36, 124, 39, and 125 respectively); and (2) Plaintiff's motion to set aside (Doc. 58) Esper's default judgment.

### II. Background

In January, 2003, Plaintiff was incarcerated at YCP for a parole violation. Plaintiff alleges that during his confinement at YCP, he discovered a black mole on his back, which prompted him to seek medical attention. Plaintiff consulted with a nurse, who instructed

him to wait to receive medical treatment until he was transferred to a state correctional facility.  In May, 2003, Plaintiff was transferred to SCI-Camp Hill, and he was subsequently transferred to SCI-Albion in August, 2003.  Plaintiff underwent medical examinations during the intake procedures at both institutions, and he noted the black mole on his back to the medical personnel at both examinations.  Although the mole was surgically removed from Plaintiff's back in November of 2003, Plaintiff alleges that the mole was malignant, and the delay in removal allowed the cancer to spread to other parts of his body.  Consequently, Plaintiff alleges that as a result of Defendants' inadequate medical care he has endured substantial pain and suffering, numerous surgeries, chemotherapy, radiation treatments, and a shortened life expectancy, among other damages.  (Doc. 1 at ¶¶ 74-92.)

Esper claims that he is entitled to dismissal from the action for (1) lack of jurisdiction, (2) Plaintiff's failure to comply with Local Rule 8.1 (M.D.Pa.L.R. 8.1), and (3) Plaintiff's failure to allege a claim of deliberate indifference against Esper.  Moreover, Esper claims that he is entitled to judgment of *non pros,* or alternatively involuntary dismissal for Plaintiff's failure to file a certificate of merit, as required for Plaintiff's state tort claims.  Plaintiff asserts that the motions should be denied because the Court may exercise supplemental jurisdiction over the state court claims, and involuntary dismissal is inappropriate.  If dismissal is granted, Plaintiff seeks relief from the dismissal of his state claims.  The motions have been fully briefed and they are ripe for disposition.  For the following reasons, Plaintiff's motion will be granted and Esper's motions will be granted in part.

**III.    Discussion**

    **A.  Motion to Dismiss Standard**

In rendering a decision on a motion to dismiss, the Court must accept the Plaintiff's allegations as true. *White v. Napoleon*, 897 F.2d 103, 106 (3d Cir. 1990). Moreover, a motion to dismiss may only be granted if there is no reasonable reading of the facts that would entitle Plaintiff to relief. *Lum v. Bank of America*, 361 F.3d 217, 223 (3d Cir. 2004). The Court should consider the allegations in the complaint, the exhibits attached thereto, matters of public record, and "undisputedly authentic" documents. *See Angstadt v. Midd-West School Dist.*, 377 F.3d 338, 342 (3d Cir. 2004); *Pension Guar. Corp. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002).

    **B.  Supplemental Jurisdiction**

Esper claims that this Court lacks jurisdiction over the claim against him, and he should be dismissed from the action. However, for the reasons set forth in the Court's Memorandum and Order dated June 20, 2005 (Doc. 85), Esper's challenge to supplemental jurisdiction will be denied.

    **C.  Failure to Comply With M.D.Pa.L.R. 81**

Esper also claims that Plaintiff's complaint should be dismissed for Plaintiff's failure to comply with M.D.Pa. Local Rule 8.1. Under Rule 8.1, the demand for judgment "shall not claim any specific sum where unliquidated damages are involved." Although Plaintiff has pled an amount in excess of $150,000.00, he has not pled a sum certain in contravention of

the local rule, and the amount sought is not binding on the jury in this case. Accordingly, this argument is without merit. *See also* M.D.Pa.L.R. 1.3.

### D.  Failure to File Certificate of Merit

Esper claims that he is entitled to involuntary dismissal of Plaintiff's complaint for failure to prosecute, pursuant to the provisions of FED.R.CIV.P. 41(b). Plaintiff claims that involuntary dismissal is inappropriate but, if granted, Plaintiff is entitled to relief from the dismissal. Again, for the reasons set forth in the Court's Memorandum and Order dated June 20, 2005 (Doc. 85), Esper's request for involuntary dismissal of Plaintiff's complaint will be granted and Plaintiff's motion for relief from involuntary dismissal will be granted.

### E.  Failure to State a Claim

Esper alleges that Plaintiff fails to set forth elements of an action for deliberate indifference under 42 U.S.C. § 1983, and the claim against him should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff argues that his claim against Esper (Doc. 113, Count XX)[1] is based upon medical malpractice, and Esper's motion should be denied. Regardless of the theory of recovery, Plaintiff's amended complaint alleges, *inter alia*, that Defendants were deliberately indifferent to Plaintiff's serious medical needs (Doc. 113, ¶ 78), Defendants failed to properly diagnose and treat Plaintiff (*Id*., ¶ 80), and as a direct and proximate result of Defendants' "negligence, gross negligence, reckless disregard . . . and deliberate indifference . . . [Plaintiff's] life expectancy has been significantly decreased . . . ." (*Id*., ¶ 85). Although this general averment is not enlightening as to the specific action or inaction by each individual Defendant challenged in

---

[1] Of the two Counts numbered XX in the amended complaint (Doc. 113 at 151, *et seq.* and at 157, *et seq.*), only the second references Dr. Alan Esper.

the amended complaint, Plaintiff has satisfied the requirements of pleading, and the liberal discovery rules of the federal court will permit Defendants to develop the facts more fully.

The amended complaint sets forth a "short and plain statement" of the basis of jurisdiction, the basis of the claim and entitlement to relief, and a demand for judgment, fulfilling the pleading requirements of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 8(a).  Nothing more is required, and the averments in the complaint are sufficient to survive Esper's motions to dismiss.  In *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), the Supreme Court reiterated its holding that "Rule 8(a)'s simplified pleading standard applies to all civil actions . . . ."  Furthermore, the United States Court of Appeals for the Third Circuit has consistently held that nothing more is required in § 1983 cases than the notice pleading requirements of Rule 8.  *Alston v.* Simmon, 363 F.3d 229, 233 (3d Cir. 2004); Abbott *v. Latshaw,* 164 F.3d 141, 149 (1998).  Plaintiff's amended complaint is only subject to the short and plain statement requirement of Rule 8(a).  *Alston*, 363 F.3d at 334.  Accordingly, Esper's motion to dismiss under Rule 12(b)(6) will be denied.

### F.  Dismissal From Cross-Claims

Esper also seeks to be dismissed as a Defendant from the cross-claim of Wexford. Since Esper bases his motions for dismissal from the cross-claim on the arguments set forth in his motions for dismissal from the complaint, his motions for dismissal from the cross-claim will be denied for the reasons set forth above.  An appropriate order follows.

Dated: November 8, 2005             /s/ A. Richard Caputo
                                                          A. RICHARD CAPUTO
                                                          United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RYAN ROHRBAUGH,** : | |
| : | |
| Plaintiff, : | **CIVIL NO. 3:CV-05-0136** |
| : | |
| v. : | **(Judge Caputo)** |
| : | |
| **YORK COUNTY PRISON, et al.,** : | |
| : | |
| Defendants. : | |

## O R D E R

**AND NOW, THIS 8th DAY OF NOVEMBER, 2005,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT**:

1. Dr. Alan Esper's motions to dismiss (Docs. 36 and 124) for failure to prosecute are **GRANTED**, and the motions to dismiss are denied on all other grounds.

2. Dr. Alan Esper's motions to dismiss party from cross-claims (Docs. 39 and 125) are **DENIED**.

3. Plaintiff's motion to set aside default (Doc. 58) is **GRANTED**.

           /s/ A. Richard Caputo
           A. RICHARD CAPUTO
           United States District Judge