IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RYAN ROHRBAUGH,** | : |
| | : |
| **Plaintiff,** | : CIVIL NO. 3:CV-05-0136 |
| | : |
| v. | : (Judge Caputo) |
| | : |
| **YORK COUNTY PRISON, et al.,** | : |
| | : |
| **Defendants.** | : |

## MEMORANDUM

### I.  Introduction

Plaintiff, Ryan Rohrbaugh, formerly an inmate successively confined at the York County Prison ("YCP") in York, Pennsylvania, the State Correctional Institution at Camp Hill ("SCI-Camp Hill"), Pennsylvania, and State Correctional Institution at Albion ("SCI-Albion"), Pennsylvania, commenced this action, through counsel, with a civil rights complaint filed pursuant to the provisions of 42 U.S.C. § 1983.  Defendants are, *inter alia*, York County Prison ("YCP") and YCP Warden Thomas H. Hogan (collectively "Movants").  Presently pending is Movants' Second Motion for Summary Judgment (Doc. 145).  A Brief in Support and a Statement of Material Facts were timely filed, and Plaintiff has filed a Response to the Statement of Material Facts and a Brief in Opposition to the Motion.  For the following reasons, the motion will be denied, without prejudice.

### II.  Background

In January, 2003, Plaintiff was incarcerated at YCP for parole violation.  During his confinement at YCP, Plaintiff discovered a black mole on his back, which prompted him to seek medical attention.  Plaintiff consulted with a nurse, who instructed him to wait to

receive medical treatment until he was transferred to a state correctional facility. In May, 2003, Plaintiff was transferred to SCI-Camp Hill, and he was subsequently transferred to SCI-Albion in August, 2003. Plaintiff underwent medical examinations during the intake procedures at both SCI-Camp Hill and SCI-Albion, and he noted the black mole on his back to the medical personnel at both examinations. Although the mole was surgically removed from Plaintiff's back in November of 2003, Plaintiff alleges that the mole was malignant, and the delay in removal allowed the cancer to spread to other parts of his body. Plaintiff alleges that as a result of Defendants' inadequate medical care, he endured substantial pain and suffering, numerous surgeries, chemotherapy, radiation treatments, and a shortened life expectancy, among other damages. (Doc. 1 at ¶¶ 74-92.) Plaintiff is now deceased. (Doc. 165).

In the instant motion, Movants claim that they are entitled to summary judgment because (1) YCP is not a "person" subject to § 1983 liability, and (2) Plaintiff has failed to allege personal involvement of Defendant Hogan to subject him to liability.

### III.   Discussion

#### A.   Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment may be entered only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party moving for summary judgment has the burden of proving that there is no genuine issue of

material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Additionally, on summary judgment, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. *Hugh v. Butler County Family YMCA*, 418 F.3d 265, 266 (3d Cir. 2005). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To preclude summary judgment, there must be a "genuine" issue of a material fact, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id*. at 249-250 (citations omitted).

Moreover, Rule 56 provides that the adverse party may not simply sit back and rest on the allegations contained in the pleadings. Rather, the adverse party must show by affidavits, pleadings, depositions, answers to interrogatories, and admissions on file that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). When addressing a summary judgment motion, our inquiry focuses on "whether *the evidence* presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52 (emphasis added).

## B. Supervisory Liability

The pending motion for summary judgment is based upon, *inter alia*,[1] a contention that Plaintiff fails to plead direct involvement of Defendants in the alleged wrongs. It is well established that "a defendant in a civil rights action must have personal involvement in the

---

[1] In light of the Court's disposition of the motion, Movants' remaining argument will not be addressed by the Court.

alleged wrongs; liability cannot be predicated solely on the operation of respondent superior." *Rode v. Dellarciprete*, 845 F.2d 1195, 1208 (3d Cir. 1988).  However, the personal involvement requirement can be satisfied by a showing of "personal direction or of actual knowledge and acquiescence."  *Id.*; *Pansy v. Preate*, 870 F. Supp. 612, 630 (M.D. Pa. 1994), *aff'd mem.*, 61 F.3d 896 (3d Cir. 1995).  Further, in *Robinson v. City of Pittsburgh*, 120 F.3d 1286 (3d Cir. 1997), the United States Court of Appeals for the Third Circuit stated that:

> Where a supervisor with authority over a subordinate knows
> that the subordinate is violating someone's rights but fails to act
> to stop the subordinate from doing so, the factfinder may
> usually infer that the supervisor 'acquiesced' in (i.e., tacitly
> assented to or accepted) the subordinate's conduct.  But where
> actual supervisory authority is lacking, mere inaction, in most
> circumstances, does not reasonably give rise to a similar
> inference.  As a general matter, a person who fails to act to
> correct the conduct of someone over whom he or she has no
> supervisory authority cannot fairly be said to have 'acquiesced'
> in the latter's conduct.

*Id.* at 1294.

     Although, at first blush, a review of the complaint confirms a lack of personal involvement on the part of certain defendants, Plaintiff's response to the summary judgment motion avers that Hogan instituted "policies, practices, and/or customs [at YCP] regarding the requests for medical treatment" which may constitute knowing acquiescence in the systematic denial of medical care by the county prison. (Doc. 152-1 at 7.)  These policies allegedly required state prisoners, like Plaintiff, to wait for appropriate medical care until transferred from the county prison to a state facility.  Moreover, the complaint alleges that Plaintiff did not receive full medical treatment until he arrived at his second state facility, referred to as his home prison, months after he first asked for treatment of the

mole. In conjunction with this allegation, Plaintiff requests relief under Fed. R. Civ. P. 56(f), to pursue further discovery and develop the facts of the case, thereby permitting a more thorough response to the summary judgment motion.

### C.     Rule 56(f) Motion

Federal Rule of Civil Procedure 56(f) states, in pertinent part:

> Should it appear from the affidavits of a party opposing the [summary judgment] motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment . . . to permit affidavits to be obtained or depositions to be taken or discovery to be had.

Fed. R. Civ. P. 56(f).  The Supreme Court has recognized that premature motions for summary judgment should be dealt with pursuant to Rule 56(f) if the opposing party has not made full discovery.  *Celotex v. Catrett*, 477 U.S. 317, 326 (1986).  The district court is empowered with discretion to determine when such a motion is ripe.  *Sames v. Gable*, 732 F.2d 49, 51 (3d Cir. 1984).

To preserve the issue, Rule 56(f) requires the opposing party to file an affidavit outlining the reasons for the party's opposition.  *Galgay v. Gil-Pre Corp.*, 864 F.2d 1018, 1020 n. 3 (3d Cir. 1988).  An opposing party must set forth with specificity what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained.  *Surin v. Virgin Islands Daily News, Inc.*, 21 F.3d 1309, 1314 (3d Cir. 1994).

Here, Plaintiff filed an affidavit (Doc. 152-4 at 2-5) with the Brief in Opposition to Motion For Summary Judgment.  In the affidavit, Plaintiff asserts that information must be

5

obtained through further discovery, confirming the establishment of policies or customs at YCP to deny biopsies to state prisoners.  The Court concludes that this affidavit satisfies the requirements of Fed. R. Civ. P. 56(f), and it is sufficient to grant relief under the Rule. Accordingly, Movants' Second Motion For Summary Judgment will be denied, without prejudice, to permit Plaintiff to pursue further discovery.  An appropriate Order follows.


Dated: September 29, 2006.                     /s/ A. Richard Caputo
                                                         A. RICHARD CAPUTO
                                                         United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RYAN ROHRBAUGH,** : | |
| : | |
| Plaintiff, : | **CIVIL NO. 3:CV-05-0136** |
| : | |
| v. : | **(Judge Caputo)** |
| : | |
| **YORK COUNTY PRISON, et al.,** : | |
| : | |
| Defendants. : | |

## O R D E R

**AND NOW, THIS 29th DAY OF SEPTEMBER, 2006,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT** the Second Motion For Summary Judgment of York County Prison and Thomas H. Hogan (Doc. 145) is **DENIED,** without prejudice, under the provisions of Federal Rule of Civil Procedure 56(f).

/s/ A. Richard Caputo
A. RICHARD CAPUTO
United States District Judge